THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DANIEL CONCEPCION**<br><br>  **Plaintiff,**<br><br>  v.<br><br>**OFFICE OF THE COMMISSIONER OF BASEBALL, ET AL.**<br><br>  **Defendants.** | **Civil No. 22-1017 (ADC)** |

### ORDER

Plaintiff filed the instant action on January 11, 2022. **ECF No. 1**. According to Fed. R. Civ. P. 4(m), plaintiff had until April 11, 2022, to serve summons upon defendants. On April 11, 2022, plaintiff filed a motion requesting an extension of time to serve process upon two co-defendants. **ECF No. 5.** Plaintiff's request simply stated "[t]he appearing parties respectfully request this Honorable Court for a brief 30-day extension of time, ending on May 11, 2022, to serve the summons of said two defendants. This extension of time is not requested with the intention of delaying this case proceeding, and is sought in good faith." **ECF No. 5** at 4.

On April 18, 2022, the Court entered an Order noting that plaintiff had moved for an extension of time without providing any ground or proffer of "good cause" as required by Fed. R. Civ. P. 4(m). **ECF No. 8**. The Court also underscored Local Civil Rule 7 which requires "all matters to be submitted for consideration by the court shall… incorporate[e] a memorandum of law as appropriate, including citations and supporting authorities." *Id*.

On May 2, 2022, plaintiff filed a motion "to show good cause." **ECF No. 9**. Plaintiff asserts that by the time he learned that two co-defendants would not agree to execute a waiver service the time to serve process "had nearly elapsed." *Id*. at 2. However, plaintiff waited until the afternoon of April 11, 2022 to request an extension. Even then, as discussed before, plaintiff request was only *pro forma.*

As additional "reasons" for the delay, plaintiff purports that "lead counsel, Samuel Kornhauer, had not been yet admitted pro hac vice and had been waiting admission before serving defendants." **ECF No. 9** at 2-3. This argument is disingenuous. Pursuant to the docket, the "first motion to allow Samuel Kornhauser to appear pro hac vice" was filed on April 18, 2022 at 1:17 p.m. *See* **ECF No. 7**. That is, a week after the 90-day period to serve summons had elapsed. Not only is plaintiff's argument misleading, but it is also meritless. To wit, plaintiff was legally represented by local counsel (Attorney Rafael Baella-Silva) since the inception of the case. Therefore, plaintiff cannot proffer as an excuse the pending status of another attorney's pro hac vice application. *Pro hac vice* rules make it clear that local counsel "shall sign all filings submitted to the Court," which means that the bar-member counsel is also responsible under this Court's rules and the Federal Rules of Civil Procedure.

In the interest of justice and to promote judicial economy,[1] the Court will grant the extension of time considering the fact that service was effectuated upon the remaining co-

---

[1] "[A]n overwhelming majority of federal courts have issued a discretionary extension of time to serve the summons and complaint under Rule 4(m), **without showing "good cause."** *Carmona Delgado v. Administración de Servicios*

defendants on April 25, 2022.[2] However, given plaintiff's counsel failure to comply and misleading arguments, plaintiff shall bear all the costs related to the service of process of the two co-defendants who denied the waiver. Plaintiff's counsels are hereby warned that the Court expects strict compliance with Local and Federal Civil Rules and will not accept any excuses related to distribution of work between local and *pro hac vice* counsel. Failure to comply will entail sanctions.

Accordingly, the extension of time to serve process at **ECF No. 5 is GRANTED**. The pro hac vice applications at **ECF Nos. 6, 7 are GRANTED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of May, 2022.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**

---

*Médicos de Puerto Rico*, CV 18-1949 (CCC), 2020 WL 11627597, at *2 (D.P.R. Aug. 5, 2020)(citing 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1137 (4th ed.)(emphasis added).
[2] In its motion "to show cause," plaintiff informed that the two remaining co-defendants were personally served on April 25, 2022. **ECF No. 9** at 2. Nothing in this Order shall be construed as a determination of whether service was proper or not under Fed. R. Civ. P. 4.