# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

DANIEL CONCEPCION, ALDEMAR BURGOS,
and SIDNEY DUPREY CONDE, Individually and on
Behalf of All Those Similarly Situated,

                Plaintiffs,

v.

OFFICE OF THE COMMISSIONER OF
BASEBALL, et al.,

                Defendants.

Case No. 3:22-cv-01017-ADC

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION IN SUPPORT OF ORDER GRANTING CLASS CERTIFICATION AND
APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

## Table of Contents

Page

I.      INTRODUCTION ........................................................................................................1

II.     ARGUMENT ...............................................................................................................1

    A.      Plaintiffs' motion should be dismissed without prejudice, or alternatively
            stayed, in light of Defendants' pending motion to dismiss the First
            Amended Complaint. .......................................................................................1

        1.      Early resolution of Defendants' motion to dismiss would prevent
                needless litigation regarding Plaintiffs' motion for class
                certification. .........................................................................................3

        2.      The Parties would not be prejudiced by the Court's deferral of
                Plaintiffs' motion for class certification. ...........................................5

    B.      Even if the Court reaches the merits, Plaintiffs fail to establish that the
            proposed class should be certified. ..................................................................7

        1.      Plaintiffs lack any evidence to meet their Rule 23 burdens.........................7

        2.      Plaintiffs do not satisfy Rule 23(a). ...................................................9

            i.      Plaintiffs' claims are not typical of the class. ...................................9

            ii.     Plaintiffs will not adequately protect class members'
                    interests. ......................................................................................10

        3.      Plaintiffs do not satisfy Rule 23(b)(3). ..............................................12

            i.      Plaintiffs do not establish predominance of common
                    questions. ....................................................................................12

            ii.     Plaintiffs do not establish that a class action is superior to
                    other available methods for resolving the controversy.................13

        4.      Plaintiffs do not satisfy Rule 23(g). ...................................................14

III.    CONCLUSION..........................................................................................................155

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*,
  No. 12-cv-0752 (ELH), 2015 WL 575362 (D. Md. Feb. 10, 2015) ........................................14

*Allen v. Dairy Farmers of Am., Inc.*,
  279 F.R.D. 257 (D. Vt. 2011) ...................................................................................................11

*Alvarado Morales v. Dig. Equip. Corp.*,
  669 F. Supp. 1173 (D.P.R. 1987)................................................................................................8

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591 (1997)...........................................................................................................10, 12

*Andrews v. Bechtel Power Corp.*,
  780 F.2d 124 (1st Cir. 1985) ....................................................................................................10

*Bah v. Enter. Rent-A-Car Co. of Boston, LLC*,
  No. 17-cv-12542 (MLW), 2020 WL 6701324 (D. Mass. Nov. 13, 2020)................................2

*BookLocker.com, Inc. v. Amazon.com, Inc.*,
  650 F. Supp. 2d 89 (D. Me. 2009) .........................................................................................3, 6

*Broussard v. Meineke Discount Muffler Shops, Inc.*,
  155 F.3d 331 (4th Cir. 1998) .................................................................................................3, 6

*Charles O. Finley & Co. v. Kuhn*,
  569 F.2d 527 (7th Cir. 1978) .....................................................................................................5

*Collazo v. Calderon*,
  212 F.R.D. 437 (D.P.R. 2002) ...................................................................................................8

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013).....................................................................................................................7

*E. B. v. Landry*,
  No. 19-cv-862 (JWD) (SDJ), 2020 WL 6439503 (M.D. La. June 30, 2020) ...........................2

*E. Tex. Motor Freight Sys. Inc. v. Rodriguez*,
  431 U.S. 395 (1977)....................................................................................................................9

*Evans v. Taco Bell Corp.*,
  No. 04-cv-103 (JD), 2005 WL 2333841 (D.N.H. Sept. 23, 2005) ............................................9

*Fawcett v. Citizens Bank, N.A.*,
297 F. Supp. 3d 213 (D. Mass. 2018) ................................................................2

*Fisher v. U.S.*,
69 Fed. Cl. 193 (2006) .......................................................................................14

*Flood v. Kuhn*,
407 U.S. 258 (1972).............................................................................................5

*Goers v. L.A. Entm't Grp., Inc.*,
No. 15-cv-412 (SPC), 2017 WL 78634 (M.D. Fla. Jan. 9, 2017)....................14

*Good v. Altria Grp., Inc.*,
231 F.R.D. 446 (D. Me. 2005)........................................................................3, 6

*Great Rivers Coop. of Se. Iowa v. Farmland Indus., Inc.*,
120 F.3d 893 (8th Cir. 1997) ..............................................................................9

*Growers 1-7 v. Ocean Spray Cranberries, Inc.*,
No. 12-cv-12016 (RWZ), 2016 WL 10849499 (D. Mass. May 10, 2016) ............13

*In re Nat'l Football League Players Concussion Inj. Litig.*,
821 F.3d 410 (3d Cir. 2016)...............................................................................11

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
522 F.3d 6 (1st Cir. 2008)..................................................................................12

*In re Nexium Antitrust Litig.*,
777 F.3d 9 (1st Cir. 2015)..................................................................................12

*In re P.R. Cabotage Antitrust Litigation*,
269 F.R.D. 125 (D.P.R. 2010) ..........................................................................11

*In re Wayfair, Inc. Sec. Litig.*,
471 F. Supp. 3d 332 (D. Mass. 2020) .................................................................3

*Lawson v. FMR LLC*,
554 F. Supp. 3d 186 (D. Mass. 2021) ........................................................2, 3, 6

*Lazo v. Sodexo, Inc.*,
No. 15-cv-13366 (GAO), 2017 WL 5147098 (D. Mass. Nov. 6, 2017)................13

*Matarazzo v. Friendly Ice Cream Corp.*,
62 F.R.D. 65 (E.D.N.Y. 1974) ..........................................................................10

*Methelus v. The Sch. Bd. of Collier Cnty.*,
  No. 16-cv-379 (MRM), 2016 WL 8539815 (M.D. Fla. July 21, 2016), *report
  and recommendation adopted sub nom., Methelus v. Sch. Bd. of Collier Cnty.,
  Fla.*, No. 16-cv-379 (MRM), 2017 WL 1050374 (M.D. Fla. Mar. 17, 2017) .........................2

*Miranda v. Selig*,
  860 F.3d 1237 (9th Cir. 2017) ............................................................................5

*P.R. Coll. Of Dental Surgeons v. Triple S Mgmt. Inc.*,
  290 F.R.D. 19 (D.P.R. 2013) ......................................................................7, 8, 11

*Pan-Am. Tel. Co., Inc. v. Municipality of San Juan*,
  No. 09-cv-1256 (ADC), 2010 WL 11565932 (D.P.R. Mar. 22, 2010)....................................8

*Perry v. Equity Residential Mgmt., L.L.C.*,
  No. 12-cv-10779 (RWZ), 2014 WL 4198850 (D. Mass. Aug, 26, 2014)................................5

*Richardson v. Hamilton*,
  No. 17-cv-134 (JAW), 2017 WL 6624027 (D. Me. Dec. 28, 2017).........................................2

*Rodriguez-Feliciano v. Puerto Rico Elec. Power Auth.*,
  240 F.R.D. 36 (D.P.R. 2007) ................................................................................7

*Roy v. FedEx Ground Package Sys., Inc.*,
  353 F. Supp. 3d 43 (D. Mass. 2018) ......................................................................4

*Saad Maura v. Scotiabank Puerto Rico*,
  328 F.R.D. 14 (D.P.R. 2018) ................................................................................8

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*,
  549 U.S. 422 (2007)............................................................................................4

*Sosna v. Iowa*,
  419 U.S. 393 (1975).............................................................................................4

*Standard Fire Ins. Co. v. Knowles*,
  568 U.S. 588 (2013).............................................................................................6

*Toolson v. N.Y. Yankees, Inc.*,
  346 U.S. 356 (1953) (per curiam) ...........................................................................5

*Tyson Foods, Inc. v. Bouaphakeo*,
  577 U.S. 442 (2016)...........................................................................................12

*U.S. v. Swiss Am. Bank, Ltd.*,
  191 F.3d 30 (1st Cir. 1999).....................................................................................4

*Virtue v. Int'l Bhd. of Teamsters Ret. & Family Prot. Plan*,
    292 F.R.D. 8 (D.D.C. 2013), *aff'd*, 584 F. App'x 3 (D.C. Cir. 2014) ...........................5, 9, 10

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ....................................................................................................7

*Walter v. Palisades Collection, LLC*,
    No. 06-cv-378 (ECR), 2010 WL 308978 (E.D. Pa. Jan. 26, 2010) .......................................14

*Weinberger v. Retail Credit Co.*,
    498 F.2d 552 (4th Cir. 1974) .......................................................................................9

**RULES**

Fed. R. Civ. P. 23(a) ..............................................................................................................9

Fed. R. Civ. P. 23(b)(3) .......................................................................................................12

Fed. R. Civ. P. 23(g) ...........................................................................................................14

**OTHER AUTHORITIES**

Ann. Manual Complex Lit. § 21.133 (4th ed.) .......................................................................4

Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing*
    *Class Action Litigation: A Pocket Guide for Judges* (3d ed. 2010) ...........................................4

## I.    INTRODUCTION

The court should reject out of hand Plaintiffs' premature motion to certify their federal antitrust claims as a nationwide class action consisting of all minor league baseball players from 2016 until the present, and to appoint the Named Plaintiffs and their counsel as representatives for the class.  First, Plaintiffs' motion is premature because Defendants' fully-briefed, pending motion to dismiss the First Amended Complaint presents fundamental questions regarding this Court's jurisdiction and whether this case, including the antitrust claims that Plaintiffs seek to certify, can proceed at all.  Defendants have moved to dismiss on the grounds that the Court lacks personal jurisdiction, that service was not effective on all Defendants, that the Plaintiffs' claims are time barred under the statutes of limitation, and that Plaintiffs' allegations fail to state a claim for relief under a series of binding Supreme Court decisions.  At a minimum, Plaintiffs' class certification motion should be deferred until after disposition of those threshold issues.  Even if the Court chooses to reach the merits of Plaintiffs' motion—which it should not—Plaintiffs fall woefully short of satisfying their exacting burdens under Rule 23, and accordingly have failed to establish that class certification is appropriate.

## II.    ARGUMENT

### A.    **Plaintiffs' motion should be dismissed without prejudice, or alternatively stayed, in light of Defendants' pending motion to dismiss the First Amended Complaint.**

Plaintiffs' motion to certify a class and appoint class counsel is premature because Defendants' motion to dismiss presents fundamental questions regarding whether this case, including the antitrust claims that Plaintiffs seek to certify as a class action, can proceed at all.  Defendants have moved to dismiss the First Amended Complaint in its entirety because, among other irremediable deficiencies: (i) personal jurisdiction does not exist over any Defendant (*see* Dkt. 51, at 5-14); (ii) no Named Plaintiff has a timely claim (*id.* at 14-19); and (iii) the business of

1

baseball is exempt from antitrust claims (*id.* at 20-25).  As a matter of judicial economy and fundamental fairness, Defendants' motion to dismiss, which would dispose of the lawsuit in its entirety, should be decided prior to considering whether a class should be certified.

Accordingly, the Court should dismiss Plaintiffs' motion, without prejudice to their ability to re-file, if appropriate, after resolution of Defendants' pending motion to dismiss.  *See, e.g.*, *Fawcett v. Citizens Bank, N.A.*, 297 F. Supp. 3d 213, 222 (D. Mass. 2018) (denying without prejudice plaintiff's motion for class certification pending defendant's motion to dismiss and/or compel arbitration); *Methelus v. The Sch. Bd. of Collier Cnty.*, No. 16-cv-379 (MRM), 2016 WL 8539815, at *1 (M.D. Fla. July 21, 2016), *report and recommendation adopted sub nom., Methelus v. Sch. Bd. of Collier Cnty., Fla.*, No. 16-cv-379 (MRM), 2017 WL 1050374 (M.D. Fla. Mar. 17, 2017) (denying class-certification motion as premature, in consideration of a pending motion to dismiss "which raises issues concerning, *inter alia*, the named Plaintiffs' standing"); *E. B. v. Landry*, No. 19-cv-862 (JWD) (SDJ), 2020 WL 6439503, at *2 (M.D. La. June 30, 2020) (denying without prejudice class-certification motion as premature, in light of pending motions to dismiss).

In the alternative, the Court should stay consideration of class certification pending a decision on Defendants' pending motion to dismiss.  Courts in the First Circuit routinely stay motions for class certification pending determination of a motion to dismiss.  *See, e.g., Lawson v. FMR LLC*, 554 F. Supp. 3d 186, 192-93 (D. Mass. 2021) ("It is well within a district court judge's discretion to dispose of a motion to dismiss before acting on class certification."); *Bah v. Enter. Rent-A-Car Co. of Boston, LLC*, No. 17-cv-12542 (MLW), 2020 WL 6701324, at *2 (D. Mass. Nov. 13, 2020) (granting motion to stay class certification pending defendants' motion to dismiss); *Richardson v. Hamilton*, No. 17-cv-134 (JAW), 2017 WL 6624027, at *1 (D. Me. Dec. 28, 2017) ("It is 'well-settled that, absent prejudice to the plaintiff, a court may decide a defendant's

dispositive motion in a putative class action before taking up the issue of class certification.'") (citing *Good v. Altria Grp., Inc.*, 231 F.R.D. 446, 447 (D. Me. 2005)); *BookLocker.com, Inc. v. Amazon.com, Inc.*, 650 F. Supp. 2d 89, 97 n.3 (D. Me. 2009) (deciding motion to dismiss before reaching class certification).

In deciding whether a stay is appropriate, courts in this Circuit typically focus on two factors: (i) "whether an early resolution on the merits [would] protect[] both the parties and the court from needless and costly further litigation"; and (ii) "whether the ruling would prejudice any of the parties." *See Lawson*, 554 F. Supp. 3d at 192-93 (internal citation omitted); *see also Good*, 231 F.R.D. at 447 (listing the same considerations).  Here, both factors weigh strongly in favor of staying Plaintiffs' class certification motion.

1.   ***Early resolution of Defendants' motion to dismiss would prevent needless litigation regarding Plaintiffs' motion for class certification.***

Defendants' motion to dismiss presents multiple arguments, including lack of personal jurisdiction and failure to assert a timely claim under the applicable statutes of limitation that resolve this case in its entirety, thereby mooting Plaintiffs' class certification motion.  At the very least, the antitrust claims that are the focus of Plaintiffs' motion would be resolved based on Defendants' argument that the business of baseball is exempt from federal antitrust law under binding Supreme Court precedent.

Considering Defendants' motion prior to ruling on Plaintiffs' class certification motion therefore will save both the Court and the parties from needless and costly further litigation.  *See Lawson*, 554 F. Supp. 3d at 193 (because the plaintiff's "entire complaint must be dismissed, the costly determination of class treatment for any claims of [the proposed class] is avoided"); *In re Wayfair, Inc. Sec. Litig.*, 471 F. Supp. 3d 332, 337-38 (D. Mass. 2020) ("In light of the rigorous analysis [the court] would be required to undertake in order to determine whether class certification

is appropriate . . . addressing the case at the threshold through a motion to dismiss is the best course.").

Defendants' motion to dismiss showcases the numerous threshold issues that this Court should consider prior to taking up the question of class certification.  First, Defendants have shown that no personal jurisdiction exists over any Defendant, a threshold determination that the Court should make before turning to the merits of this action.  "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."  *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007); *see also Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 52-53 (D. Mass. 2018) ("[T]he question of personal jurisdiction must be decided before the court 'reaches the merits of a case.'") (citing *U.S. v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 46 (1st Cir. 1999)) (internal alteration omitted).  Because of this, "[e]fficiency and economy are strong reasons for a court to resolve challenges to personal or subject-matter jurisdiction before ruling on certification" as "[e]arly resolution of these questions may avoid expense for the parties and burdens for the court and may minimize use of the class action process for cases that are weak on the merits."  Ann. Manual Complex Lit. § 21.133 (4th ed.).  Indeed, the Federal Judicial Center teaches that "the **most efficient practice** is to rule on motions to dismiss or for summary judgment before addressing class certification," and specifically advises judges to "rule on dispositive motions and then, if necessary, rule on class certification."  Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges* at 9 (3d ed. 2010) (emphasis added). Accordingly, Plaintiffs' class certification motion should be stayed, or alternatively denied without

prejudice, until the Court considers this threshold issue because a consideration of the merits may turn out to be unnecessary.

Second, Defendants' motion to dismiss demonstrates that *all* of the Named Plaintiffs' claims are time-barred, including the claims they seek to have certified here.  If the Named Plaintiffs have no timely claims, there is no need to reach the decision of class certification, as the Named Plaintiffs would not be members of the putative class, and therefore cannot serve as class representatives.  *Perry v. Equity Residential Mgmt., L.L.C.*, No. 12-cv-10779 (RWZ), 2014 WL 4198850, at *5 (D. Mass. Aug, 26, 2014) (class representative "must be a member of the class which he seeks to represent") (citing *Sosna v. Iowa*, 419 U.S. 393, 403 (1975)); *Virtue v. Int'l Bhd. of Teamsters Ret. & Family Prot. Plan*, 292 F.R.D. 8, 13-14 (D.D.C. 2013) ("Because [the plaintiff's] own claim here is clearly precluded by the statute of limitations, he cannot serve as an adequate representative of the class."), *aff'd*, 584 F. App'x 3 (D.C. Cir. 2014).

Third, because baseball is exempt from antitrust laws, Plaintiffs' antitrust claims fail as a matter of law.  *See Toolson v. N.Y. Yankees, Inc.*, 346 U.S. 356, 357 (1953) (per curiam); *Flood v. Kuhn*, 407 U.S. 258, 275 (1972); *Charles O. Finley & Co. v. Kuhn*, 569 F.2d 527, 541 (7th Cir. 1978).  The antitrust claims asserted in the First Amended Complaint—regarding minor-league employment—are barred under Supreme Court precedent and have been rejected by other federal courts.  *See Miranda v. Selig*, 860 F.3d 1237, 1242 (9th Cir. 2017).  Deciding the exemption question as it has been presented through Defendants' motion to dismiss now would help both the Court and the parties avoid litigating a class action derived from futile legal claims.

2.     ***The Parties would not be prejudiced by the Court's deferral of Plaintiffs' motion for class certification.***

Deferring adjudication of Plaintiffs' class certification motion—either by a denial without prejudice or by a stay—will not prejudice the parties because, as demonstrated in Defendants'

motion to dismiss, even if some class was certified in some future case, the Named Plaintiffs themselves could not be members of that class because they have no timely claims. *Lawson*, 554 F. Supp. 3d at 193 (holding there was no prejudice to deciding motion to dismiss before class certification because "[e]ven if the class were certified, [the plaintiff] herself could not prevail on the merits."). And even if Plaintiffs' antitrust claims somehow survive Defendants' motion, which they cannot, the only effect would have been a barely discernable delay in the time required to take up the issue of class certification. This case is in the earliest stages, and Defendants' motion to dismiss has been fully briefed and pending the Court's decision since July 20, 2022, *before* Plaintiffs filed their class certification motion. The sequence of events and timing is plainly insufficient to constitute prejudice. *See Good*, 231 F.R.D. at 447 (no prejudice to staying decision on class certification because stay would only be "for the time necessary to rule on the motion [to dismiss]").

Further, there would be no prejudice to unnamed class members by deferring resolution of Plaintiffs' motion because by ruling on the motion to dismiss prior to certifying a class, the Court's decision as to Plaintiffs' antitrust claims would only bind the Named Plaintiffs, and would have no preclusive effect on unidentified class members (even though no potential class members would have cognizable antitrust claims in any future action because baseball is undeniably exempt from antitrust laws under binding Supreme Court precedent). *See BookLocker.com*, 650 F. Supp. 2d at 97 n.3 (no prejudice to unnamed class members by ruling on motion to dismiss before class certification because "for the purposes of assessing the pending motion to dismiss, 'the potential claims of putative class members other than the named plaintiff are simply not before the court'") (citing *Evans v. Taco Bell Corp.*, No. 04-cv-103 (JD), 2005 WL 2333841, at *4 n.6 (D.N.H. Sept. 23, 2005)); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) ("[A] plaintiff who files

a proposed class action cannot legally bind members of the proposed class before the class is certified.").

Accordingly, as a matter of efficiency and judicial economy, this Court should defer consideration of Plaintiffs' motion pending decision on Defendants' motion to dismiss.

B. **Even if the Court reaches the merits, Plaintiffs fail to establish that the proposed class should be certified.**

For the reasons explained above, the Court should deny without prejudice or stay Plaintiffs' premature class certification motion.  But even if the Court reaches the motion's merits—which it should not—Plaintiffs fall far short of establishing that their proposed class should be certified.

1. *Plaintiffs lack any evidence to meet their Rule 23 burdens.*

"[A] party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (internal quotation and citation omitted); *see also Rodriguez-Feliciano v. Puerto Rico Elec. Power Auth.*, 240 F.R.D. 36, 38 (D.P.R. 2007) ("The Court is under an independent obligation to test for actual, not presumed, conformance with Rule 23(a)." (internal quotation and citation omitted)).  Rule 23 "does not set forth a mere pleading standard."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  But here, Plaintiffs treat it as exactly that—they seek certification based on nothing more than their say-so.[1]

Under binding authority, Plaintiffs' attempts to satisfy Rule 23's requirements with naked assertions must be rejected.

> In contrast to the past where a pleading standard was enough[,] the United States Court of Appeals for the First Circuit . . . now requires evidence, since "[r]eviewing the complaint alone is not normally a suitable method for determining whether a class eventually can be certified." *College of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 41 (1st Cir. 2009). Henceforth, the District Court of

---

[1] The lack of any evidentiary support confirms that Plaintiffs' motion is premature, as explained above, but also provides an independent basis for denial.

7

> Puerto Rico, via mandate of *the College of Dental Surgeons of P.R.*, 585 F.3d 33, now requires parties "to present evidence, such as affidavits and experts reports, to support their argument in favor of or against certification of a class." *In re P.R. Cabotage Antitrust Litigation*, 269 F.R.D. 125, 130 (D.P.R. 2010).

*Saad Maura v. Scotiabank Puerto Rico*, 328 F.R.D. 14, 19 (D.P.R. 2018). This Court has denied certification in similar circumstances based on an insufficient factual showing. *See Pan-Am. Tel. Co., Inc. v. Municipality of San Juan*, No. 09-cv-1256 (ADC), 2010 WL 11565932, at *2 (D.P.R. Mar. 22, 2010) (*Delgado-Colón, J.*) (denying class certification motion because, in filing such a motion, plaintiffs "may not rely on speculation" and in that case, plaintiffs provided a "naked assertion [regarding the class size] without any further evidence.").

When Plaintiffs' attorney allegations are properly disregarded, Plaintiffs are left with nothing to meet their Rule 23 burdens. Plaintiffs fail to include any party evidence, factual declarations, or expert opinions in support of their motion. The sum total of Plaintiffs' support is found in four attachments: Exhibit A, an unsuccessful cert petition in *Miranda v. Selig*, a case in which Plaintiffs' counsel raised the same meritless claims advanced here; Exhibits B and C, two-page biographical declarations from Plaintiffs' counsel; and Exhibit D, a letter from Major League Baseball explaining that "the baseball antitrust exemption has meaningfully improved the lives of Minor League players, including their terms and conditions of employment." (Dkt. 63, at Exs. A-D.) None of these documents satisfy Plaintiffs' affirmative burden to support their certification request with facts. *See P.R. Coll. Of Dental Surgeons v. Triple S Mgmt. Inc.*, 290 F.R.D. 19, 26 (D.P.R. 2013) ("While Plaintiffs are not required at this stage to prove any of their allegations, their Summary [of claims] is far below the type of showing required for certification."); *Collazo v. Calderon*, 212 F.R.D. 437, 441-43 (D.P.R. 2002) (denying certification where plaintiffs had failed to "proffer some evidence" of numerosity and typicality); *Alvarado Morales v. Dig. Equip. Corp.*, 669 F. Supp. 1173, 1185-86 (D.P.R. 1987) (denying class certification where plaintiffs

"fail[ed] to plead facts sufficient to show" that Rule 23 requirements were met).  Due to a complete failure of proof, Plaintiffs' motion should be denied.

### 2.    ***Plaintiffs do not satisfy Rule 23(a).***

Even if this Court credits Plaintiffs' conclusory allegations, those allegations fall short of Rule 23's requirements because the Named Plaintiffs' claims are not typical of the class and they will not adequately protect the purported interests of class members.

### i.    <u>*Plaintiffs' claims are not typical of the class.*</u>

Plaintiffs' claims are not typical of the putative class because they are time-barred.  It is axiomatic that Plaintiffs must be members of the purported class they seek to represent.  *E. Tex. Motor Freight Sys. Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977) ("[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." (internal quotations and citation omitted)); *see also Weinberger v. Retail Credit Co*., 498 F.2d 552, 556 (4th Cir. 1974) ("[B]eing barred from suit himself [by the statute of limitations], [plaintiff] is not a member of the class he seeks to represent … and thus does not fulfill the first prerequisite of Fed. R. Civ. P. 23(a).").  "Regardless of whether the issue is framed in terms of the typicality of the representative's claims ... or the adequacy of its representation ... generally a plaintiff whose claim is time-barred may not represent the class."  *Virtue*, 292 F.R.D. at 13 (ellipses in original).

As explained in Defendants' motion to dismiss (Dkt. 51), Plaintiffs undisputedly contracted with Defendants long before the 2018 dates relevant for statute of limitations purposes and thus are time-barred from pursuing the putative class claims.  (*See* Dkt. 51 at 14-18.)  As a result, Plaintiffs must engage in a variety of factual and legal contortions to attempt to resurrect their otherwise untimely claims.  (*See* Dkt. 55 at 19-21.)  Those arguments—of no value to putative class members with timely claims—are the types of distinctions among putative class members' claims and defenses that run afoul of Rule 23's typicality requirement.  *See, e.g., Great Rivers*

*Coop. of Se. Iowa v. Farmland Indus., Inc.*, 120 F.3d 893, 899 (8th Cir. 1997) (Plaintiff "is not and cannot be a class member because his claim is time barred; consequently, he cannot represent the class."); *Virtue*, 292 F.R.D. at 13 ("Because [plaintiff's] own claim here is clearly precluded by the statute of limitations, he cannot serve as an adequate representative of the class."). Because the time-barred Plaintiffs do not possess claims typical of the putative class members, certification should be denied.

ii.      *Plaintiffs will not adequately protect class members' interests.*

Plaintiffs are not adequate representatives of the class because Plaintiffs are former players seeking to adjudicate the rights of a class likely comprised of mostly active players. As the Supreme Court explained in *Amchem Products, Inc. v. Windsor*, the court must carefully evaluate the potential for "intra-class conflicts." 521 U.S. 591, 610-611 (1997). In that case, the divergence of interests between class members resulted in a finding that the class representatives could not adequately representing all of the interests of the class. *Id.* at 610-611, 627-28; see also *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985) (To establish adequacy, "[t]he moving party must show first that the interests of the representative party will not conflict with the interests of any of the class members."). This scenario—where differentially situated class members cannot be represented jointly by the same class representatives—occurs commonly. See, e.g., *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 338-39 (4th Cir. 1998) (current and former franchises); *Matarazzo v. Friendly Ice Cream Corp.*, 62 F.R.D. 65, 68 (E.D.N.Y. 1974) (current and former employees). It is incumbent upon the party seeking class certification to explain how potential intra-class conflicts will be ameliorated so that the class representatives can adequately represent all interests. Cf. *In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F.3d 410, 432 (3d Cir. 2016) (explaining that "structural protections" must be put in place "to assure that differently situated plaintiffs negotiate for their own unique interests.")

Here, no named Plaintiff represents the interests of those most-directly engaged with Minor League baseball—the current players—and Plaintiffs' motion provides no explanation of how those players' interests will be heard and protected should the class be certified. "Contrary to Plaintiffs' assertions, it is not enough to assume that all members of the class will ultimately benefit if the [challenged practices] are materially altered." *Allen v. Dairy Farmers of Am., Inc.*, 279 F.R.D. 257, 274 (D. Vt. 2011) (holding class representatives to be inadequate based upon a lack of shared interest in defendant's continued viability as a business). Such an assumption is particularly inappropriate here because Plaintiffs challenge the legality of the Minor Leagues' contractual structure and request relief that could jeopardize the player-development system that encourages broad employment of current Minor League players. (See Dkt. 63 at Ex. D ("Such a system almost certainly would not be sustainable in many communities but for the centralized governance and coordination that MLB currently is able to provide under the baseball exemption.").)

Plaintiffs' reliance on *In re Puerto Rican Cabotage Antitrust Litigation*, 269 F.R.D. 125, 128, 133 (D.P.R. 2010), does nothing to bolster the adequacy of their representation. "In *Puerto Rican Cabotage*, plaintiffs 'buttressed' their claims with detailed allegations" and "presented affidavits of several named plaintiffs, explaining why they were adequate class representatives." See *P.R. Coll. Of Dental Surgeons*, 290 F.R.D. at 28. The *Puerto Rican Cabotage* plaintiffs also provided the Court reports and affidavits by experts describing how many of the defendants' victims were affected by the defendants' practices. 269 F.R.D. at 133. Here, by contrast, Plaintiffs fail to provide "any detailed factual treatment," much less any affidavits from Plaintiffs or experts, to support their assertions of adequacy. Thus, Plaintiffs cannot carry their burden of establishing that they are adequate representatives for a class of former and current players.

11

3.       ***Plaintiffs do not satisfy Rule 23(b)(3).***

i.       <u>*Plaintiffs do not establish predominance of common questions.*</u>

Plaintiffs cannot satisfy Rule 23(b)(3)'s requirement that "the questions of law or fact common to class members predominate over any questions affecting only individual members" because they fail to establish how they intend to demonstrate antitrust injury and damages.  See Fed. R. Civ. P. 23(b)(3).  "Even if Rule 23(a)'s commonality requirement may be satisfied …, the predominance criterion is far more demanding." *Amchem Prods.*, 521 U.S. at 623-24.  "To meet the predominance requirement, the party seeking certification must show that 'the fact of antitrust impact can[ ] be established through common proof' and that 'any resulting damages would likewise be established by sufficiently common proof.'" *In re Nexium Antitrust Litig.*, 777 F.3d 9, 18 (1st Cir. 2015) (citing *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 20 (1st Cir. 2008)).  "An individual question is one where 'members of a proposed class will need to present evidence that varies from member to member.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (internal citation omitted).  Here, Plaintiffs cannot meet Rule 23(b)(3)'s heightened requirements because evidence of antitrust injury and damages necessarily will be individualized.

Plaintiffs' antitrust injury theory is based on the mistaken assumption that Defendants "impose[] uniform wage-fixed compensation."  (Dkt. 63. at 21; see id. (arguing that purported "wage fixing conduct injured all members of the class in the same manner by depriving them of competitive compensation for their work as Minor Leaguers").)  In reality, Minor League players' total compensation is based on a number of individual factors that are not subject to common proof.  For example, compensation for Minor Leaguers may include a variety of bonuses, other individualized payments, and college scholarships from Clubs.  (See Dkt. 35 (First Amended Complaint) Exhibit A at 22-24 (rules for "Bonus Payments for Signing Contract," "Contingent

Payments," "Incentive Bonus Plan," and "College Scholarship Plan").  These and other aspects of player compensation are determined by negotiations between players and their Clubs.  Thus, the evidence regarding what injury—if any—a particular class member may have purportedly suffered in his negotiation with his respective Club is inherently individualized and not susceptible to common proof.  See *Lazo v. Sodexo, Inc.*, No. 15-cv-13366 (GAO), 2017 WL 5147098, at *3 (D. Mass. Nov. 6, 2017) (denying certification where plaintiffs failed to establish a common practice and holding that it is the plaintiffs' burden to establish commonality); *Growers 1-7 v. Ocean Spray Cranberries, Inc.*, No. 12-cv-12016 (RWZ), 2016 WL 10849499, at *6 (D. Mass. May 10, 2016) (denying certification where plaintiffs failed to explain how they would demonstrate antitrust injury through common evidence).  Plaintiffs make no attempt to put forth any model for identifying antitrust injury or how damages would be calculated on a common, class-wide basis.[2]

ii.   *Plaintiffs do not establish that a class action is superior to other available methods for resolving the controversy.*

As explained above, individualized issues regarding antitrust injury and damages swamp any common questions Plaintiffs may raise in their motion.  But to the extent Plaintiffs argue that their primary goal is not to obtain damages, but to obtain declaratory relief as to the constitutionality of the Curt Flood Act and the Sherman Act as applied to Defendants, (see Dkt. 63 at 10-11), Plaintiffs also have failed to establish that a class action is a superior method for pursuing relief.  The purportedly common question that Plaintiffs identify—whether the "business of baseball antitrust exemption" bars Plaintiffs' claims (see Dkt. 63 at 21-22)—need not be adjudicated on a class-wide basis.  That precise issue is raised in Defendants' motion to dismiss Plaintiffs' individual claims.  Plaintiffs have provided no justification for undertaking the

---

[2] Any claim by Plaintiffs that they could not provide such a model because they have lacked an opportunity to develop the factual record is not an argument for granting their motion—it is further confirmation that the motion should be denied or stayed as premature, as described above.

additional burden and complexity of class action litigation when the very issue they claim justifies

such an action is already ripe for adjudication in previous briefing before the Court.

                4.      ***Plaintiffs do not satisfy Rule 23(g).***

Finally, Plaintiffs have not met their burden to show that counsel can adequately represent

the class and effectively litigate this case.  Under Rule 23(g), the Court "must consider" specific

factors, including, "the resources that counsel will commit to representing the class."  Fed. R. Civ.

P. 23(g)(1)(A).  Here, Plaintiffs provide the Court with zero information on this mandatory factor.

Where a plaintiff provides the court with "no information about what resources counsel may call

upon, financial or otherwise, to aid and support plaintiff's continued prosecution of this case," the

Court is justified in denying the motion for appointment of class counsel.  *Ademiluyi v. PennyMac

Mortg. Inv. Trust Holdings I, LLC*, No. 12-cv-0752 (ELH), 2015 WL 575362, at *8 (D. Md. Feb.

10, 2015); *see also Goers v. L.A. Entm't Grp., Inc.*, No. 15-cv-412 (SPC), 2017 WL 78634, at * 6

(M.D. Fla. Jan. 9, 2017) (denying appointment of class counsel where counsel "made no attempt

to state that they have the resources to foot the sometimes substantial costs associated with

maintaining a sizeable class action matter"); *Walter v. Palisades Collection, LLC*, No. 06-cv-378

(ECR), 2010 WL 308978, at *10 (E.D. Pa. Jan. 26, 2010) (noting that firm with two attorneys and

two paralegals appeared to be "ill-equipped to handle a class composed of thousands of plaintiffs

nationwide"); *Fisher v. U.S.*, 69 Fed. Cl. 193, 201 (2006) (holding that counsel must provide

information to the Court to demonstrate that they have "the resources necessary" to litigate on

behalf of the class).  Counsel has not even tried to satisfy the Rule 23(g) requirements, and on that

basis alone their motion should be denied.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs'

motion for class certification.

Dated:    San Juan, Puerto Rico
          August 22, 2022

PIETRANTONI MÉNDEZ & ÁLVAREZ LLC

By:  */s/ Julián R.Rodríguez-Muñoz*
Julián R. Rodríguez-Muñoz
USDC No. 308301
María D. Trelles Hernández
USDC-PR Bar No. 225106
Popular Center 19th Floor
208 Ponce de León Avenue
San Juan, Puerto Rico 00918
Tel. (787) 274-1212
Fax (787) 274-1470
jrodriguez@pmalaw.com
mtrelles@pmalaw.com

PROSKAUER ROSE LLP

By:  */s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Mark W. Batten (*pro hac vice*
Rachel S. Philion (*pro hac vice*)
Eleven Times Square
New York, New York 10036
Phone: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
alupion@proskauer.com
mbatten@proskauer.com
rphilion@proskauer.com

KEKER, VAN NEST & PETERS LLP

By:  */s/ R. Adam Lauridsen*
R. Adam Lauridsen (*pro hac vice*)
Thomas E. Gorman (*pro hac vice*)
Connie P. Sung (*pro hac vice*)
Zainab O. Ramahi (*pro hac vice*)
633 Battery Street

15

San Francisco, California 9411
Phone:  (415) 391-5400
alauridsen@keker.com
tgorman@keker.com
csung@keker.com
zramahi@keker.com

*Attorneys for Defendants*[3]

---

[3] Proskauer Rose LLP is not serving as counsel for Baltimore Orioles, Inc. or Baltimore Orioles L.P.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of August, 2022, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF which will send a notice of electronic filing

to all counsel of record.

Dated:    San Juan, Puerto Rico                  */s/ Julián R. Rodríguez-Muñoz*
             August 22, 2022                    Julián R. Rodríguez Muñoz
                                           USDC No. 308301
                                         jrodriguez@pmalaw.com
                                         *Attorney for Defendants*